UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

WISCONSIN UFCW UNIONS & EMPLOYERS
HEALTH PLAN, a multiemployer plan; and Paul L.
Whiteside, Jr. and Nadine Becker, in their capacities as
Plan Trustees,

                Plaintiffs,

vs.                             Civil Action No. 05-C-0286

GODIN GROCERS, INC., a Wisconsin
corporation,

                Defendant.
_____

**ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**
_____

    1. On March 15, 2005, Plaintiffs, Wisconsin United Food and Commercial Workers, Unions and Employers Health Plan ("the Plan"), and two of its representative trustees, Paul Whiteside, Jr. and Nadine Becker (collectively "Plaintiffs") filed a Summons and Complaint alleging that defendant, Godin Grocers, Inc. ("Godin") owed the Plan withdrawal liability, attorneys' fees and costs, interest and liquidated damages.

    2. On April 7, 2005, Godin answered the Complaint and admitted substantially all of its allegations.

    3. On May 2, 2005, Plaintiffs brought a motion for summary judgment seeking a ruling as a matter of law that the Plan's determination was reasonable and that Godin is required to pay

(a) a delinquent contribution in the amount $49,187,

(b) attorneys' fees and costs in the amount of $3,493.75,

(c) interest in the amount of $3,689.03 through May 16, 2005, and

(d) liquidated damages in the amount of $9,862.40.

4. On May 3, 2005, Plaintiffs corrected an error in the filing of their motion for summary judgment, and re-filed their Memorandum of Law in Support Thereof.

5. Godin's opposition to Plaintiff's motion was due on or before June 3, 2005. Godin did not file an opposition. No opposition has been filed to date.

BASED UPON the briefs and submissions of the parties and Godin's admission of the Plaintiffs' allegations in the Complaint and Godin's failure to oppose the Plaintiffs' summary judgment motion, the Court finds as follows:

There is no triable issue of material fact as to the reasonableness of the Plan's determination that Godin is required to pay withdrawal liability in the amount of $49,187;

There is no triable issue of material fact as to the reasonableness of the Plan's determination that Godin is required to pay the attorneys' fees and costs the Plan has incurred during this litigation in the amount of $3,493.75, as well as $3,689.03 in interest and $9,862.40 in liquidated damages; and, therefore,

There is no triable issue of material fact as to the reasonableness of the Plan's determination that Godin is required to pay a total of $66,232.18 to the Plan.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' motion for summary judgment is **GRANTED**, that Godin is required to pay to the Plan

$66,232.18 within **twenty-one days** of this Order and that judgment is entered accordingly concurrently herewith.

Dated this 16th day of June, 2005.

BY THE COURT:

s/J. P. Stadtmueller
Hon. J. P. Stadtmueller
United States District Court Judge
Eastern District of Wisconsin

N:\WPDOCS\Gf\05-286 Order-SJ.wpd